**IN THE UNITED STATES DISTRICT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **SAVANNAH RUIZ-RIVERA** <br> 435 E. 105th Street, Apt. 20E <br> New York, NY 10029 <br><br> *Plaintiff* <br> v. <br><br> **YORK COLLEGE OF PENNSYLVANIA** <br> 441 Country Club Road <br> York, PA 17403 <br>   and <br> **YORK COLLEGE OF PENNSYLVANIA d/b/a SPRING GARDEN APARTMENTS** <br> 825 Colonial Avenue <br> York, PA 17403 <br>   and <br> **PHI KAPPA PSI FRATERNITY** <br> 5935 Emerson Way <br> Indianapolis, IN 46226 <br>   and <br> **PHI KAPPA PSI – PENNSYLVANIA RHO CHAPTER** <br> Student Activity Office <br> 441 Country Club Road <br> York, PA 17403 <br>   and <br> **KAPPA DELTA PHI NATIONAL FRATERNITY** <br> 380 Lafayette Road, Unit 11-334 <br> Seabrook, NH 03874 <br>   and <br> **KAPPA DELTA PHI – ALPHA THETA CHAPTER** <br> Student Activity Office <br> 441 Country Club Road <br> York, PA 17403 <br>   and <br> **ZETA BETA TAU FRATERNITY** <br> ZBT International Headquarters <br> 3905 Vincennes Road, Suite 100 <br> Indianapolis, IN 46268 <br>   and <br> **ZETA BETA TAU– BETA ALPHA CHI CHAPTER** <br> Student Activity Office <br> 441 Country Club Road <br> York, PA 17403 <br>   and <br> **SIGMA DELTA TAU NATIONAL SORORITY** <br> 714 Adams Street <br> Carmel, Indiana 46032 | CIVIL ACTION <br><br><br> DOCKET NO. <br><br><br><br> JURY TRIAL DEMANDED |

  and
**SIGMA DELTA TAU – GAMMA PHI CHAPTER**
Student Activity Office
441 Country Club Road
York, PA 17403
  and
**BRYAN SOTO**
105 View Ct, Apt. 101
Mount Pocono, PA 18344-1171
  and
**JOHN DOE 1-10**
fictitious and unidentified individuals and/or entities who were responsible for the injuries plaintiff sustained
                    *Defendants*

## PLAINTIFF'S COMPLAINT

Plaintiff, Savannah Ruiz-Rivera, by and through her counsel, Martin G. Rubenstein, Esquire, and Kyle J. Keller, Esquire, of Levy Baldante Finney & Rubenstein, P.C., demands entry of judgment in her favor and against defendants for the following reasons:

## JURISDICTION

1. This action arises under 28 U.S.C. Section 1332, as Plaintiff is seeking to recover an amount greater than $75,000.00 and Defendants have citizenship diverse from that of the Plaintiff.

## PARTIES

2. At all times material hereto, plaintiff, Savannah Ruiz-Rivera, was and is an adult individual residing at 435 E. 105th Street, Apt. 20E, New York, NY 10029.

3. At all times material hereto, defendant, York College of Pennsylvania, was and is a corporation, partnership, limited partnership, sole proprietorship, and/or business entity organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 441 Country Club Road, York, PA 17403-0.

4. At all times material hereto, defendant, York College of Pennsylvania, acted individually, jointly and severally, by and through its employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendant.

2

5. At all times material hereto, defendant, York College of Pennsylvania d/b/a Spring Garden Apartments, was and is a corporation, partnership, limited partnership, sole proprietorship, and/or business entity organized under the laws of the Commonwealth of Pennsylvania with a location of 825 Colonial Avenue, York, PA 17403.

6. At all times material hereto, defendant, York College of Pennsylvania d/b/a Spring Garden Apartments, acted individually, jointly and/or severally, by and through its employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendant.

7. Hereinafter, defendants, York College of Pennsylvania and York College of Pennsylvania d/b/a Spring Garden Apartments are collectively referred to as "York College of Pennsylvania."

8. At all times material hereto, defendant, Phi Kappa Psi Fraternity, was and is a corporation, partnership, limited partnership, sole proprietorship, and/or business entity organized under the laws of the State of Indiana with a principal place of business at 5935 Emerson Way, Indianapolis, Indiana 46226.

9. At all times material hereto, defendant, Phi Kappa Psi Fraternity, acted, individually, jointly and/or severally, by and through its employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendant.

10. At all times material hereto, defendant, Phi Kappa Psi – Pennsylvania Rho Chapter, was and is a corporation, partnership, limited partnership, sole proprietorship, and/or business entity organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at Student Activity Office, 441 Country Club Road, York, Pennsylvania 17403. Defendant, Phi Kappa Psi – Pennsylvania Rho Chapter, is a chapter of defendant, Phi Kappa Psi Fraternity.

11. At all times material hereto, defendant, Phi Kappa Psi – Pennsylvania Rho Chapter, acted, individually, jointly and/or severally, by and through its employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendant.

12. Hereinafter, defendants, Phi Kappa Psi Fraternity and Phi Kappa Psi – Pennsylvania Rho Chapter are collectively referred to as "Phi Kappa Psi."

13. At all times material hereto, defendant, Kappa Delta Phi National Fraternity, was and is a corporation, partnership, limited partnership, sole proprietorship, and/or business entity organized under the laws of the State of New Hampshire with a principal place of business at 380 Lafayette Road, Unit 11-334, Seabrook, New Hampshire 03874.

14. At all times material hereto, defendant, Kappa Delta Phi National Fraternity, acted individually, jointly and/or severally, by and through its employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendant.

15. At all times material hereto, defendant, Kappa Delta Phi – Alpha Theta Chapter, was and is a corporation, partnership, limited partnership, sole proprietorship, and/or business entity organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at Student Activity Office, 441 Country Club Road, York, Pennsylvania 17403.  Defendant, Kappa Delta Phi– Alpha Theta Chapter, is a chapter of defendant, Kappa Delta Phi National Fraternity.

16. At all times material hereto, defendant, Kappa Delta Phi – Alpha Theta Chapter, acted individually, jointly and/or severally, by and through its employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendant.

17. Hereinafter, defendants, Kappa Delta Phi National Fraternity and Kappa Delta Phi – Alpha Theta Chapter are collectively referred to as "Kappa Delta Phi."

18. At all times material hereto, defendant, Zeta Beta Tau Fraternity, was and is a corporation, partnership, limited partnership, sole proprietorship, and/or business entity organized under the laws of the State of Indiana with a principal place of business located at ZBT International Headquarters, 3905 Vincennes Road, Suite 100, Indianapolis, IN 46268.

19. At all times material hereto, defendant, Zeta Beta Tau Fraternity, acted individually, jointly and/or severally, by and through its employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendant.

20. At all times material hereto, defendant, Zeta Beta Tau – Beta Alpha Chi Chapter, was and is a corporation, partnership, limited partnership, sole proprietorship, and/or business entity organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at Student Activity Office, 441 Country Club Road, York, Pennsylvania 17403.  Defendant, Zeta Beta Tau– Beta Alpha Chi Chapter, is a chapter of defendant, Zeta Beta Tau Fraternity.

21. At all times material hereto, defendant, Zeta Beta Tau – Beta Alpha Chi Chapter, acted individually, jointly and/or severally, by and through its employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendant.

22. Hereinafter, defendants, Zeta Beta Tau Fraternity and Zeta Beta Tau – Beta Alpha Chi Chapter are collectively referred to as "Zeta Beta Tau."

23. At all times material hereto, defendant, Sigma Delta Tau National Sorority, was and is a corporation, partnership, limited partnership, sole proprietorship, and/or business entity organized under the laws of the State of Indiana with a principal place of business at 714 Adams Street, Carmel, Indiana 46032.

24. At all times material hereto, defendant, Sigma Delta Tau National Sorority acted individually, jointly and/or severally, by and through its employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendant.

25. At all times material hereto, defendant, defendant, Sigma Delta Tau  – Gamma Phi Chapter, was and is a corporation, partnership, limited partnership, sole proprietorship, and/or business entity organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at Student Activity Office, 441 Country Club Road, York, Pennsylvania 17403.  Defendant, Sigma Delta Tau– Gamma Phi Chapter, is a chapter of defendant, Sigma Delta Tau National Sorority.

26. At all times material hereto, defendant, Sigma Delta Tau – Gamma Phi Chapter acted individually, jointly and/or severally, by and through its employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said defendant.

27. Hereinafter, defendants, Sigma Delta Tau National Sorority and Sigma Delta Tau – Gamma Phi Chapter, are collectively referred to as "Sigma Delta Tau."

28. At all times material hereto, defendant, Bryan Soto, was and is an adult individual residing at 105 View Court, Apt. 101, Mount Pocono, PA 18344-1171.

29. Defendant, John/Jane Doe 1-10, were and/or are various fictitious and currently unidentified individuals and/or entities who were responsible for the injuries plaintiff sustained. The defendant's actual name is unknown to the Plaintiff after having conducted a reasonable search with due diligence. Plaintiff prays leave of court to reasonably amend this Complaint and name the true identities of the John/Jane Doe(s) if and when their true identities and roles in the within matter are ascertained by Plaintiff through continued investigation and/or discovery. A reasonable search has been conducted to determine the actual name(s) of the individual(s).

30. On and/or prior to September 22, 2017 and/or September 23, 2017, defendants, York College of Pennsylvania, owned, possessed, operated and/or controlled Spring Garden Apartments located at 825 Colonial Avenue, York, PA 17403.

31. On and/or prior to September 22, 2017 and/or September 23, 2017, York College of Pennsylvania and the Spring Garden Apartments was open to the general public for business purposes, including students, and guests and acquaintances of students of York College of Pennsylvania, and the general public.

32. On and/or prior to September 22, 2017 and/or September 23, 2017, defendant, York College of Pennsylvania, undertook to provide safety and security for its students and invitees, including plaintiff, Savannah Ruiz-Rivera.

33. On and/or prior to September 22, 2017 and/or September 23, 2017, defendants, York College of Pennsylvania hired and/or should have hired, paid and/or should have paid, provided and/or should have provided personnel for the security and safety of its invitees and students, including plaintiff, Savannah Ruiz-Rivera.

34. On and/or prior to September 22, 2017 and/or September 23, 2017, defendants, York College of Pennsylvania, knew and/or should have known that the condition of the balcony at Spring Garden Apartments was unsafe and/or dangerous for students and invitees, including plaintiff, Savannah Ruiz-Rivera.

35. On and/or prior to September 22, 2017 and/or September 23, 2017, defendants, York College of Pennsylvania, knew and/or should have known of unsafe behavior on campus, including in the Spring Garden Apartments, and failed to have adequate security and/or other measures to reduce the risk of potential harm to students and invitees, including plaintiff, Savannah Ruiz-Rivera.

36. On and/or prior to September 22, 2017 and/or September 23, 2017, defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10 and/or their respective agents and/or members served alcoholic beverages to underage individuals, served alcoholic beverages to visibly intoxicated individuals, and/or provided illicit drugs to its invitees, including plaintiff, Savannah Ruiz-Rivera.

37. On and/or prior to September 22, 2017 and/or September 23, 2017, defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, John Doe 1-10 and or their respective agents and/or members were aware or should have been aware that they should not serve alcoholic beverages to underage individuals, serve alcoholic beverages to visibly intoxicated individuals, and/or provide illicit drugs to its invitees, including plaintiff, Savannah Ruiz-Rivera.

38. At all times material hereto, defendant, Bryan Soto and John Doe 1-10, were agents and/or ostensible agents of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau and/or John Doe 1-10.

39. Over the course of the evening of Friday, September 22, 2017, and/or the early hours of Saturday, September 23, 2017, plaintiff, Savannah Ruiz-Rivera was in contact with and/or observed by agents, servants, and/or employees of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and John Doe 1-10.

40. Over the course of the evening of Friday, September 22, 2017 and/or the early hours of Saturday, September 23, 2017, plaintiff, Savannah Ruiz-Rivera, was served intoxicating beverages and/or illicit drugs by agents, servants, and/or employees of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10.

41. Over the course of the evening of Friday, September 22, 2017 and/or the early hours of Saturday, September 23, 2017, defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, knew and/or should have known plaintiff, Savannah Ruiz-Rivera, was intoxicated and/or impaired.

42. Upon information and belief, defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, John Doe 1-10 at all relevant times, were acting as employees, agents, servants and/or representatives of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10.

**OPERATIVE FACTS**

43. On or about Friday night at about 9:00 p.m., September 22, 2017, plaintiff, Savannah Ruiz-Rivera, attended a mixer between the sorority she was a member of, defendant, Sigma Delta Tau, and a fraternity, defendant, Phi Kappa Psi, which hosted the event.

44. Upon information and belief, alcohol was served to individuals under the age of 21 and/or visibly intoxicated individuals, including plaintiff, Savannah Ruiz-Rivera by defendants, Phi Kappa Psi and/or Sigma Delta Tau and/or their agents/members.

45. Upon information and belief, illicit drugs were provided to individuals, including plaintiff, Savannah Ruiz-Rivera by defendants, Phi Kappa Psi and/or Sigma Delta Tau and/or their agents/members.

46. On or about midnight of Friday, September 22, 2017 going into Saturday, September 23, 2017, plaintiff, Savannah Ruiz-Rivera, left the mixer and went to a party and/or gathering at defendant, Zeta Beta Tau.

47. Upon information and belief, alcohol was served to individuals under the age of 21 and/or visibly intoxicated individuals including plaintiff, Savannah Ruiz-Rivera.

48. Approximately a half hour later, plaintiff left the Zeta Beta Tau party and/or gathering and attended a party at defendant, Kappa Delta Phi house and/or a house occupied by brothers of the defendant, Kappa Delta Phi.  One of the fraternity brothers of Kappa Delta Phi was/is defendant, Bryan Soto.

49. Upon information and belief, alcohol was served to individuals under the age of 21 and/or visibly intoxicated individuals including plaintiff, Savannah Ruiz-Rivera by defendants, Kappa Delta Phi and Bryan Soto, and/or their agents/members.

50. Upon information and belief, plaintiff, along with defendants, Bryan Soto and others, left the Kappa Delta Phi house, and returned to the Spring Garden Apartments, owned and/or operated by defendant, York College of Pennsylvania.

51. Upon information and belief, alcohol was served to individuals under the age of 21 and/or visibly intoxicated individuals including plaintiff, Savannah Ruiz-Rivera by defendant, York College of Pennsylvania, and/or their agents/members.

52. Upon information and belief, defendant, York College, knew and/or should have known that illicit drugs were provided by the York College defendant fraternities and/or sororities named herein to York College students, including plaintiff, Savannah Ruiz-Rivera.

53. In the early morning hours of September 23, 2017, plaintiff was found on the ground below the balcony of the Spring Garden Apartments on the campus of York College of Pennsylvania.

54. Plaintiff was transported via ambulance to Wellspan York Hospital, and was admitted on September 23, 2017.  Plaintiff was a patient at the hospital from September 23, 2017 to October 9, 2017.

55. On September 30, 2017, plaintiff underwent a spinal fusion.  The pre-operative and post-operative diagnosis was a 3-column injury at T9 with kyphotic angulation, T5, T6, and T7 fractures.

56. On October 9, 2017, plaintiff's discharge summary included the following diagnoses: thoracic spine fracture, spinal cord compression, flaccid paralysis of legs, bilateral pleural effusion, ileus, closed fracture of rib of right side, urinary retention, alcohol use/intoxication, and head injury.

57. Plaintiff, Savannah Ruiz-Rivera, received rehabilitation services as an in-patient at Rusk Rehab at NYU Langone in New York, New York from October 9, 2017 to November 25, 2017.

58. Plaintiff received rehabilitation services as an out-patient at NYU Langone Health System commencing on December 7, 2017 and which she continues to receive through the present time.

59. Plaintiff continues to see medical providers to the present day regarding the injuries she sustained on September 23, 2017, and she has been diagnosed with permanent injuries as a direct result of the conduct described herein.

## COUNT I

**PLAINTIFF, SAVANNA RUIZ-RIVERA
vs.
ALL DEFENDANTS**

60. Plaintiff hereby incorporates by reference the above Paragraphs as if said Paragraphs were fully set forth at length herein.

61. The aforementioned incident and resulting injuries and/or damages sustained by plaintiff, Savanna Ruiz-Rivera, directly and proximately resulted from the negligence, carelessness, and/or recklessness of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, and consisted of, but was not limited to, the following:

(a) Failing to regard the rights, safety and position of the plaintiff;

(b) Permitting a defective, dangerous, and/or hazardous condition to exist on or about the premises where the defendants knew or should have known that persons would be subject to sustaining injury;

(c) Creating a defective, dangerous, and/or hazardous condition in the area at or near where plaintiff was injured;

(d) Failing to inspect, maintain, and/or remove a defective, dangerous, and/or hazardous condition from the area of the aforementioned accident in a reasonable, adequate, and/or prudent manner;

(e) Failing to restrict access to the defective, dangerous, and/or hazardous condition of the land and/or premises in the area of the aforementioned accident in a reasonable, adequate, and/or prudent manner;

(f) Failing to issue adequate warnings and/or direction, verbal, written, actual and/or constructive, to persons who would likely encounter the defective, dangerous, and/or hazardous condition that existed on defendant's premises in and about the area of the plaintiff's aforementioned accident;

(g) Permitting and allowing invitees, like plaintiff, to walk in, on, and about the area of the plaintiff's aforementioned incident when said defendant knew or should have known of the defective, dangerous, and/or hazardous condition that existed;

(h) Failing to provide and/or post adequate warning signs, warning tape, warning cones, illumination warnings, barriers, and/or barricades in an effort to alert invitees of the defective, dangerous, and/or hazardous condition that existed;

(i) Failing to provide an alternative, safer route, walkway, and/or path for use by invitees and individuals such as plaintiff;

(j) Failing to hire and/or train competent employees, agents, and/or servants to regularly and/or adequately inspect the exterior premises for defective, dangerous, and/or hazardous conditions, and/or to correct or treat said condition in a timely fashion;

(k) Failing to hire and/or train competent employees, agents, and/or servants to remove, remediate and/or warn of defective, dangerous, and/or hazardous conditions;

(l) Failing to regularly supervise and/or monitor employees, agents, and/or servants who were responsible for inspecting the exterior premises for defective, dangerous, and/or hazardous conditions;

(m) Failing to regularly supervise and/or monitor employees, agents, and/or contractors who were responsible for removing, remedying, and/or warning of defective, dangerous, and/or hazardous conditions;

(n) Creating a defective, dangerous, and/or hazardous condition into the path of travel of invitees, such as plaintiff, Savannah Ruiz-Rivera;

(o) Concealing a defective, dangerous, and/or hazardous condition into an area travelled by invitees, such as plaintiff, Savannah Ruiz-Rivera;

(p) Failing to adequately maintain the subject area so as to avoid creating, or allowing to remain for an unreasonably long time, an unreasonable risk of harm to invitees such as plaintiff, Savannah Ruiz-Rivera;

(q) Failing to utilize reasonable care in the inspection, maintenance, correction, and/or treatment of the premises in question;

11

(r) Failing to request, institute and/or supervise periodic inspection, maintenance, and/or repair of the area at or near where plaintiff was found injured, including the above located balcony;

(s) Failing to utilize reasonable care in the inspection, maintenance, and/or correction of the condition at or near where plaintiff was found injured, including the above balcony;

(t) Failing to request, institute, and/or supervise periodic inspection at or near the area where the plaintiff was found injured, including the above balcony;

(u) Failing to address in a timely manner prior complaints made about the dangerous condition at or near the area where the plaintiff was found injured, including the above balcony;

(v) Failing to develop and/or follow safe and prudent policies and procedures for the removal of defective, dangerous, and/or hazardous conditions from the exterior areas, walkways, and/or surfaces at or near the area where the plaintiff was found injured, including the above balcony;

(w) Failing to develop and/or follow safe and prudent policies and procedures for the inspection of exterior areas, walkways, and/or surfaces at or near the area where the plaintiff was found injured, including the above balcony;

(x) Failing to remove defective, dangerous, and/or hazardous conditions in a prudent and safe manner;

(y) Permitting defective, dangerous, and/or hazardous conditions to remain in a form that was dangerous to the plaintiff and other invitees;

(z) Failing to remove a defective, dangerous, and/or hazardous condition from the areas, walkways and/or surfaces at or near the area where the plaintiff was found injured, including the above balcony used as a walkway and/or walking surface by the plaintiff and other invitees;

(aa) Ordering, authorizing, approving, and/or supervising the placement and/or installation of a defective, dangerous, and/or hazardous condition that caused plaintiff's injuries;

(bb) creating the perception of a safe area when in fact it was not at or near the area where the plaintiff was found injured, including the above balcony, walkway, and/or walking surface used by invitees, which was not safe and/or suited for invitee or visitor use;

(cc) Failing to notify parties or persons responsible for removing and/or remedying the defective, dangerous, and/or hazardous conditions then-existing; and/or

(dd) Failing to provide adequate security for the students and invitees, including plaintiff, Savannah Ruiz-Rivera and at or near the area where the plaintiff was found injured, including the above balcony;

(ee) Failing to provide adequate supervision for the students and invitees, including plaintiff, Savannah Ruiz-Rivera, at or near the area where the plaintiff was found injured, including the above balcony;

(ff) Failing to provide adequate surveillance for the students and invitees, including plaintiff, Savannah Ruiz-Rivera, at or near the area where the plaintiff was found injured, including the above balcony;

(gg) Failing to provide adequate monitoring for the students and invitees, including plaintiff, Savannah Ruiz-Rivera, at or near the area where the plaintiff was found injured, including the above balcony;

(hh) Failing to provide adequate lighting for the students and invitees, including plaintiff, Savannah Ruiz-Rivera, at or near the area where the plaintiff was found injured, including the above balcony;

(ii) Failing to employ qualified security, maintenance, supervision and other individuals for the protection of the students and invitees, including plaintiff, Savannah Ruiz-Rivera, at or near the area where the plaintiff was found injured, including the above balcony;

(jj) negligence and/or negligence per se for violating Commonwealth, county, city and/or township laws statutes, codes, ordinances and/or building codes and/or industrial standards governing the physical area where plaintiff was found injured including the above balcony and regarding security for the area where plaintiff was found injured.

62. As a direct and proximate result of the aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, plaintiff, Savannah Ruiz-Rivera, suffered and continues to suffer severe and permanent injuries and severe physical pain and suffering, mental pain and suffering, discomfort, disability, distress, inconvenience, mental anguish, disfigurement, emotional distress, psychological suffering, loss of well-being, humiliation, economic loss and loss of life's pleasures, which conditions were caused, precipitated, aggravated, exacerbated and complicated by the defendants' joint and several conduct and resulted in severe injuries to her person, including, but not limited to thoracic spine fracture requiring spinal fusion surgery, spinal cord compression, flaccid paralysis of legs, bilateral pleural effusion, ileus, closed fracture of rib of right side, urinary retention, intoxication, head injury, pain; difficulty sleeping; decreased range of motion; decreased strength; decreased mobility; aggravation/exacerbation of arthritis; anxiety; distress; weakness; sprain and strain; accelerated likelihood of future arthritis; tenderness; weather sensitivity; possible aggravation of latent injury(ies) and/or

13

conditions; possible exacerbation of latent injury(ies) and/or conditions; aggravation and/or exacerbation of various asymptomatic conditions – all of which injuries are or may be permanent in nature. Plaintiff, Savannah Ruiz-Rivera, also makes a claim for such injuries, damages and consequences of which she has no present knowledge.

63. As a direct and proximate result of the aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, and the resulting injuries and/or damages, plaintiff, Savannah Ruiz-Rivera, suffered and/or suffers and/or will continue to suffer from physical discomfort, inconvenience, anguish, humiliation, disfigurement, distress, fear, pain, suffering and/or inconvenience.

64. As a direct and proximate result of the aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, and resulting injuries and/or damages, plaintiff, Savannah Ruiz-Rivera, has been deprived, is deprived and/or will continue to be deprived of the ordinary pleasures of life.

65. As a direct and proximate result of the aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, and resulting injuries and/or damages, plaintiff, Savannah Ruiz-Rivera, has been compelled and/or is compelled and/or may continue to be compelled to expend monies for medical treatment, medical aids, medicines, and/or similar medical and/or medically related instrumentalities and/or modalities.

66. As a direct and proximate result of the aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, and resulting injuries and/or damages, plaintiff, Savannah Ruiz-Rivera, may be required to pay back monies spent to treat and/or cure her injuries and/or ailments.

67. As a direct and proximate result of the aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, and resulting injuries and/or damages, plaintiff, Savannah

Ruiz-Rivera, has suffered and/or continues to suffer and/or may, in the future, suffer loss of earnings and/or her earning power has been and/or may be diminished.

68. As a direct and proximate result of the aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, and resulting injuries and/or damages, plaintiff, Savannah Ruiz-Rivera, has incurred, incurs and/or will/may continue to incur medical and treatment expenses along with costs associated to allow her to live her life in some degree of convenience.

**WHEREFORE**, plaintiff, Savannah Ruiz-Rivera, demands judgment against defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, individually, jointly, severally and/or in the alternative, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, punitive damages, interest, costs of suit, attorney's fees and such other and further relief as this court deems just.

## COUNT II

### PLAINTIFF, SAVANNAH RUIZ-RIVERA
### vs.
### ALL DEFENDANTS

69. Plaintiff hereby incorporates by reference the above Paragraphs as if said Paragraphs were fully set forth at length herein.

70. At all relevant times, defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, had a duty to prevent persons under the age of 21, including plaintiff, Savannah Ruiz-Rivera, from being served alcohol and/or illicit drugs at York College of Pennsylvania fraternity and/or sorority events, mixers, parties, gatherings, at official fraternity and/or sorority houses and/or at other houses occupied and/or possessed by fraternity and/or sorority members.

71. At all relevant times, defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, intended to act in a way to furnish or promote furnishing alcohol and/or illicit drugs to persons under the age of 21, including

plaintiff, Savannah Ruiz-Rivera, when they had actual and/or constructive knowledge that they were under the age of 21.

72. At all relevant times, defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, actions were a substantial factor in furnishing, agreement to furnish, or promote alcohol and/or illicit drugs to persons under the age of 21, including plaintiff, Savannah Ruiz-Rivera, when they had actual and/or constructive knowledge that they were under the age of 21.

73. At all relevant times, defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, planned, supervised, organized, orchestrated, facilitated, and otherwise participated in providing alcohol and/or illicit drugs to persons under the age of 21, including plaintiff, Savannah Ruiz-Rivera, when they had actual and/or constructive knowledge that they were under the age of 21.

74. At all relevant times, defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, and/or their agents were licensees that served alcoholic beverages and/or illicit drugs to persons, including plaintiff, Savannah Ruiz-Rivera, while visibly intoxicated, which proximately caused injuries to plaintiff in violation of the Pennsylvania Dram Shop Act, 47 P.S. Section 4-493(1) and 47 P.S. Section 4-497.

75. The aforementioned incident and resulting injuries and/or damages sustained by plaintiff, Savanna Ruiz-Rivera, directly and proximately resulted from the negligence, carelessness, and/or recklessness of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, and consisted of, but was not limited to, the following:

    (a)    Failing to regard the rights, safety and position of the plaintiff;

    (b)    serving alcoholic beverages to visibly intoxicating individuals like plaintiff, Savannah Ruiz-Rivera;

    (c)    serving alcoholic beverages to individuals under the age of 21;

    (d)    providing for and/or permitting the use of illegal drugs;

(e) causing and permitting plaintiff, Savannah Ruiz-Rivera, to become intoxicated and/or under the influence of drugs or alcohol;

(f) failing to observe the state of intoxication of plaintiff;

(g) being inattentive to the state of intoxication of plaintiff;

(h) creating an environment where visible intoxicated behavior was permitted, encourage, and/or accepted;

(i) serving quantities of alcohol to plaintiff that any reasonable server or person would know would lead to a state of intoxication and/or impairment;

(j) failing to alert police promptly and/or take other appropriate steps when they observed an intoxicated and/or impaired plaintiff, Savannah Ruiz-Rivera;

(k) failing to enforce appropriate rules and regulations to insure that individuals under the age of 21 or visibly intoxicated individuals would not be served alcoholic beverages;

(l) failing to abide by applicable statutes, rules, regulations, codes, guidelines and/or standards governing and/or pertaining to the service of alcoholic beverages;

(m) failing to abide by applicable statutes, rules, regulations, codes, guidelines and/or standards governing and/or pertaining to the training and/or supervision of staff, employees, members and/or servants;

(n) failing to cut off plaintiff, Savannah Ruiz-Rivera, from further drinking once it was apparent she was intoxicated and/or impaired;

(o) failing to ensure plaintiff, Savannah Ruiz-Rivera, had a safe way to get home in view of her intoxicated state;

(p) permitting inappropriate and/or illegal activities to occur on the premises that hindered the safety of invitees and individuals including plaintiff, Savannah Ruiz-Rivera;

(q) violating the applicable provisions of the Liquor Code of the Commonwealth of Pennsylvania and/or Pennsylvania's dram shop statutes, and/or rules;

(r) failing to follow, develop, and/or implement internal policies, procedures, and/or protocols that would prevent plaintiff, Savannah Ruiz-Rivera's intoxication and/or impairment and/or departure from the premises in an intoxicated state;

(s) hiring and/or providing incompetent and/or unqualified managers, employees, agents, members, supervisors, security, and/or contractors;

(t) promoting an environment that ignored invitee and other individuals including plaintiff, Savannah Ruiz-Rivera's safety;

    (u)    planning, orchestrating, supervising, participating, and/or permitting the serving of alcohol to a person under the age of 21;

    (v)    planning, orchestrating, supervising, participating, and/or permitting the service of alcohol to a visibly intoxicated individual;

    (w)    engaging in other acts and omissions, which are exclusively in the possession or knowledge of defendants, as discovery in this case may reveal.

76. The alcoholic beverages negligently, carelessly, recklessly and/or illegally served to plaintiff, Savannah Ruiz-Rivera, by defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10 and/or their agents, servants, and/or employees, caused and/or substantially contributed to plaintiff, Savannah Rivera-Ruiz's state of intoxication.

77. As a direct and proximate result of the joint and several negligence, carelessness, and/or recklessness, of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, plaintiff, Savannah Ruiz-Rivera suffered severe and catastrophic personal injuries and/or damages.

78. As a direct and proximate result of the joint and several negligence, carelessness, and/or recklessness of defendants, defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, plaintiff, Savannah Ruiz-Rivera, suffered damages that are sought and described herein.

79. As a direct and proximate result of aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, plaintiff, Savannah Ruiz-Rivera, suffered and continues to suffer severe and permanent injuries and severe physical pain and suffering, mental pain and suffering, discomfort, disability, distress, inconvenience, mental anguish, disfigurement, emotional distress, psychological suffering, loss of well-being, humiliation, economic loss and loss of life's pleasures, which conditions were caused, precipitated, aggravated, exacerbated and complicated by the defendants' joint and several conduct and resulted in severe injuries to her person, including, but not limited to thoracic spine fracture requiring spinal fusion surgery, spinal cord compression, flaccid paralysis of legs, bilateral

pleural effusion, ileus, closed fracture of rib of right side, urinary retention, intoxication, head injury, pain; difficulty sleeping; decreased range of motion; decreased strength; decreased mobility; aggravation/exacerbation of arthritis; anxiety; distress; weakness; sprain and strain; accelerated likelihood of future arthritis; tenderness; weather sensitivity; possible aggravation of latent injury(ies) and/or conditions; possible exacerbation of latent injury(ies) and/or conditions; aggravation and/or exacerbation of various asymptomatic conditions – all of which injuries are or may be permanent in nature.  Plaintiff, Savannah Ruiz-Rivera, also makes a claim for such injuries, damages and consequences of which she has no present knowledge.

80. As a direct and proximate result of the aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, and the resulting injuries and/or damages, plaintiff, Savannah Ruiz-Rivera, suffered and/or suffers and/or will continue to suffer from physical discomfort, inconvenience, anguish, humiliation, disfigurement, distress, fear, pain, suffering and/or inconvenience.

81. As a direct and proximate result of the aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10 and resulting injuries and/or damages, plaintiff, Savannah Ruiz-Rivera, has been deprived, is deprived and/or will continue to be deprived of the ordinary pleasures of life.

82. As a direct and proximate result of the aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10 and resulting injuries and/or damages, plaintiff, Savannah Ruiz-Rivera, has been compelled and/or is compelled and/or may continue to be compelled to expend monies for medical treatment, medical aids, medicines, and/or similar medical and/or medically related instrumentalities and/or modalities.

83. As a direct and proximate result of the aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, and resulting injuries and/or damages, plaintiff, Savannah Ruiz-Rivera, may be required to pay back monies spent to treat and/or cure her injuries and/or ailments.

84. As a direct and proximate result of the aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10 and resulting injuries and/or damages, plaintiff, Savannah Ruiz-Rivera, has suffered and/or continues to suffer and/or may, in the future, suffer loss of earnings and/or her earning power has been and/or may be diminished.

85. As a direct and proximate result of the aforementioned negligent and/or careless conduct of defendants, York College of Pennsylvania, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, and/or John Doe 1-10, plaintiff, Savannah Ruiz-Rivera, has incurred, incurs and/or will/may continue to incur medical and treatment expenses along with costs associated to allow her to live her life in some degree of convenience.

**WHEREFORE**, plaintiff, Savannah Ruiz-Rivera, demands judgment against defendants, Phi Kappa Psi, Kappa Delta Phi, Zeta Beta Tau, Sigma Delta Tau, Bryan Soto, John Doe 1-10, individually, jointly, severally and/or in the alternative, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) in compensatory damages, punitive damages, interest, costs of suit, attorney's fees and such other and further relief as this court deems just.

**LEVY BALDANTE FINNEY & RUBENSTEIN, P.C.**

By: _____
MARTIN G. RUBENSTEIN, ESQUIRE
KYLE J. KELLER, ESQUIRE