# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAVANNAH RUIZ-RIVERA, | : | 1:19-cv-1636 |
| | : | |
| Plaintiff, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| YORK COLLEGE OF PENNSYLVANIA *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **MEMORANDUM**

## **February 24, 2020**

Presently pending before the Court are several motions to dismiss and several motions for a more definite statement filed by various Defendants in the above-captioned case. (Docs. 23, 25, 26, 34, 36, 38, 56, 58). Some of these motions have been fully briefed, (Docs. 23, 24, 29; Docs. 25, 31, 44, 52; Docs. 26, 30, 44, 51), whereas others have not. (Docs. 34, 36, 38, 56, 58). The time for filing a response has passed for several of these motions, (Docs. 34, 36, 38), and we find responsive briefing unnecessary for others. (Docs. 56, 58).[1] For the reasons that

---

[1] Pursuant to Middle District of Pennsylvania Local Rule 7.6: "Any party who fails to comply with this rule [related to submission of responsive briefs] shall be deemed not to oppose such motion. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition." Local Rule 7.6.

1

follow, Defendants' motions shall be granted to the extent that Plaintiff's Complaint, (Doc. 1), shall be dismissed in its entirety for failure to state a claim.

## I. BACKGROUND

In accordance with the standard of review applicable to a motion to dismiss, the following facts are derived from Plaintiff's Complaint and viewed in the light most favorable to her.

On Friday night, September 22, 2017, Plaintiff Savannah Ruiz-Rivera ("Plaintiff") attended a mixer between her sorority Sigma Delta Tau ("SDT") and Defendant Phi Kappa Psi ("PKP"). (Doc. 1 at ¶ 43). At this party, "alcohol was served to individuals under the age of 21 . . . including Plaintiff."[2] (*Id*. at ¶ 44). "[I]llicit drugs were [also] provided to individuals, including [P]laintiff." (*Id*. at ¶ 45). At some point in the evening, Plaintiff left the mixer and went to a party at a different fraternity house, Zeta Beta Tau ("ZBT") at which "alcohol was [also] served to individuals under the age of 21 . . . including [P]laintiff." (*Id*. at ¶¶ 46–47). About thirty minutes after arriving at ZBT, Plaintiff left to attend a different party at a different fraternity, Kappa Delta Phi ("KDP"), "and/or a house occupied by brothers" of KDP, specifically Defendant Bryan Soto ("Soto"). (*Id*. at ¶ 48). "[A]lcohol was served to individuals under the age of 21 . . . including [P]laintiff"

---

[2] For reasons discussed *infra*, our Memorandum and Order retains Plaintiff's use of the passive voice.

at these parties as well. (*Id*. at ¶ 49). At some point, Plaintiff left the KDP parties with Soto and others to go to the Spring Garden Apartments, a student-housing facility owned and operated by Defendant York College of Pennsylvania ("York College"). (*Id*. at ¶ 50). "[A]lcohol was served to individuals under the age of 21 . . . including [P]laintiff" at the Spring Garden Apartments as well. (*Id*. at ¶ 51). According to Plaintiff, "York College, knew and/or should have known that illicit drugs [and alcohol] were provided by the York College defendant fraternities and/or sororities named herein to York College students, including plaintiff, Savannah Ruiz-Rivera." (*Id*. at ¶ 52).

The following morning, Plaintiff "was found on the ground below the balcony of the Spring Garden Apartments."[3] (*Id*. at ¶ 53). Plaintiff was transported to the hospital where she stayed for more than two weeks. (*Id*. at ¶ 54). Plaintiff underwent several surgical procedures which necessitated nearly two months of rehabilitation services. (*Id*. at ¶¶ 55–58). Plaintiff continues to receive ongoing medical treatment for her conditions and has been diagnosed with permanent injuries. (*Id*. at ¶ 59).

Plaintiff filed a two-Count Complaint in this Court on September 20, 2019 against York College, Spring Garden Apartments, Phi Kappa Psi Fraternity, Phi

---

[3]   *See supra* n.1. Plaintiff's Complaint does not identify how she ended up on the ground below the balcony or who found her.

Kappa Psi Pennsylvania Rho Chapter, Kappa Delta Phi National Fraternity, Kappa Delta Phi Alpha Theta Chapter, Zeta Beta Tau Fraternity, Zeta Beta Tau Beta Alpha Chi Chapter, Sigma Delta Tau National Sorority, Sigma Delta Tau Gamma Phi Chapter, Bryan Soto, and ten John Doe Defendants (collectively "Defendants"). (Doc. 1). In Count I, Plaintiff raises a garden-variety negligence claim against all Defendants averring that they acted or failed to act in various ways which resulted in her injuries. In Count II, Plaintiff raises another negligence claim against all Defendants and references Pennsylvania's dram shop liability laws, namely, 47 P.S. §§ 4-493(1) and 4-497. On November 12, 2019, Defendants Kappa Delta Phi National Fraternity and Kappa Delta Phi Alpha Theta Chapter filed an Answer. (Doc. 15). On December 12, 2019, Defendants Zeta Beta Tau Fraternity and Zeta Beta Tau Beta Alpha Chi Chapter filed Answers. (Docs. 21, 22).

On December 12, 2019, Defendant York College filed a motion to dismiss for failure to state claim or, alternatively, for a more definite statement, and a brief in support thereof. (Docs. 23, 24). Plaintiff filed a brief in opposition to York College's motion on December 26, 2019. (Doc. 29). On December 16, 2019, Defendant PKP filed a motion for a more definite statement, (Doc. 25), and a motion to dismiss, (Doc. 26). Defendant PKP filed briefs in support of those motions on December 30, 2019. (Docs. 30, 31). Plaintiff filed a combined brief in

opposition to both of Defendant PKP's motions on January 13, 2020, (Doc. 44), and Defendant PKP filed individual Replies on January 27, 2020. (Docs. 51, 52). On January 7, 2020, Defendants Sigma Delta Tau Gamma Phi Chapter and Sigma Delta Tau National Sorority filed two motions for a more definite statement, (Docs. 34, 36), and a motion to dismiss, (Doc. 38), as well as briefs in support thereof. (Docs. 35, 37, 39). As of the date of this Memorandum, Plaintiff has not filed a brief in opposition to any of these motions, and the time for said filing has since passed. On February 18, 2020, Defendant Phi Kappa Psi Pennsylvania Rho Chapter filed a motion to dismiss for failure to state a claim and a motion for a more definite statement, (Docs. 56, 58), as well as briefs in support thereof. (Docs. 57, 58). Because these motions rehash many of the arguments raised in the other motions pending before the Court and because we shall dismiss Plaintiff's claims on other bases, we find responsive briefing unnecessary for the Court to issue a ruling thereupon. *See* L.R. 7.6. For the reasons that follow, the aforementioned motions shall be granted to the extent that Plaintiff's Complaint shall be dismissed in its entirety.

**II.     STANDARD OF REVIEW**

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirement of Federal Rules of Civil Procedure 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550

U.S. at 555). In essence, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

In their motion and accompanying brief, Defendant York College asserts that Plaintiff's Complaint is so devoid of any relevant factual assertions that it does not meet the standards prescribed by Federal Rule of Civil Procedure 8 and must be dismissed. Specifically, York College argues that Plaintiff's passive assertion that she "was found on the ground below the balcony" is insufficient to establish liability as a matter of law in that it fails entirely to identify why York College, or any of the other Defendants for that matter, were responsible for her injuries. The remainder of Plaintiff's allegations, York College continues, amount to legal conclusions and recitations of the elements of the cause of action and need not be credited at this juncture. Accordingly, York College reasons, Plaintiff's Complaint should be dismissed or, in the alternative, Plaintiff should at minimum be required to provide a more definite statement clarifying the facts that give rise to her claim. (Doc. 24 at 5).

In response, Plaintiff relies upon the standard of review applicable to a motion to dismiss and insists that she has stated sufficient factual matter upon which relief may granted. Although Plaintiff concedes that she "was found" unconscious on the ground below the balcony of the Spring Garden Apartments

and that she does not know how she got there, she reasons that, "[d]ue to the fact that certain information is still being unearthed, discovery, including exchange of photographs, answers to interrogatories, documents, and deposition testimony will provide more information on this issue." (Doc. 29 at 6–7). Accordingly, Plaintiff concludes, her Complaint presents enough facts to expect that discovery "may reveal information concerning the plaintiff's incident and injuries," and Defendant's motion to dismiss is premature. (*Id.* at 4, 6–7). We disagree.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level.'" *Victaulic Co.*, 499 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555). In essence, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 679 (internal quotation marks and citation omitted). "Even on a motion to dismiss, we are not required to credit mere speculation." *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 542 (3d Cir. 2012) (citation omitted).

In the instant case, Plaintiff has not tendered sufficient factual information to suggest that Defendants' liability is more than "a sheer possibility." *See Iqbal*, 556 U.S. at 678. Although Plaintiff has alleged in Count I that she was drinking alcohol and ingesting drugs that were given to her by others and that York College knew that this was going on, she has failed entirely to plead any facts which support her view that the named Defendants breached any duty they owed to her or that they were the actual or proximate cause of her injury. *See Orner v. Mallick*, 639 A.2d 491, 492 (Pa. Super. 1994) ("The requisite elements of negligence are . . . a duty or obligation recognized by law, requiring the actor to conform to a certain standard of conduct; a failure to conform to the standard required; a causal connection between the conduct and the resulting injury; and the actual loss or damage resulting to the interest of another."). Plaintiff's claims amount to no more than a fishing expedition. Plaintiff does not allege, for example, that any of the Defendants or their agents coerced her into drinking or using drugs or that they manipulated her into jumping off the balcony, nor does she allege that any of the Defendants or their agents pushed her. Plaintiff has also failed to allege how the balcony from which she presumably fell was in any way deficient or why the national organizations of the named fraternity or sorority Defendants would be responsible to maintain said deficient balcony. Instead, Plaintiff simply recites the elements of her cause of action and relies upon legal conclusions which this Court

need not credit. *See Zavala*, 691 F.3d at 542. Thus, Plaintiff's allegations in Count I do not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), and her allegations do not "'raise a right to relief above the speculative level.'" *Victaulic*, 499 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555). Other than Plaintiff's attenuated implication that some of the Defendants in some way contributed to her injury by aiding in her intoxication efforts, Plaintiff has failed to plead any facts which suggest that any of the Defendants breached a duty owed to her or that said breach was the cause of her injury. Accordingly, we shall dismiss Plaintiff's Complaint as against all Defendants for failure to state a claim.

We are unpersuaded by Plaintiff's insistence that discovery will reveal evidence of the necessary elements of her cause of action and that Defendants' motion is premature. To find as much in this case based upon the bare-bones recitation of the elements would embrace a wild goose chase. That is, Plaintiff cannot discover her way into a lawsuit. To the extent that Plaintiff could theoretically rely upon the principle of *res ipsa loquitor* at trial to suggest that her injuries could not have been sustained but for someone's negligence, Plaintiff has not pleaded as much, has not argued as much in her briefing, and has failed entirely to identify why that negligence was likely to have been perpetrated by the named

Defendants rather than her own malfeasance or inadvertence.  Indeed, under Pennsylvania law, in order to benefit from a *res ipsa loquitor* inference, a Plaintiff must demonstrate that:  (1) "the event is of a kind which ordinarily does not occur in the absence of negligence;" (2) "other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence;" and (3) "the indicated negligence is within the scope of the defendant's duty to the plaintiff."  *Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1071 (2006) (quoting RESTATEMENT (SECOND) OF TORTS § 328D (1965)).  Here, Plaintiff has failed entirely to plead any of these requirements.

      Likewise, to the extent that Plaintiff tries to reframe her Count I negligence allegations in Count II as violations of Pennsylvania's dram shop liability laws—namely, 47 P.S. §§ 4-493(1) and 4-497—we find that Count II fails for the same reasons.  Pennsylvania's dram shop liability laws do not provide a private cause of action in and of themselves.  Thus, we presume that Count II references 47 P.S. §§ 4-493(1) and 4-497 either to assert a claim of social host liability under Pennsylvania common law, *see Congini by Congini v. Portersville Valve Co.*, 470 A.2d 515 (Pa. 1983), or to assert a claim of negligence *per se.  See Orner*, 639 A.2d at 492 (finding that "adults owe a duty of care to their minor guests," that "it is a breach of that duty to serve alcohol to minor guests in contravention of the Crimes Code," and that furnishing alcohol to a minor could thereby constitute

negligence *per se*). Nonetheless, even assuming that Plaintiff—a minor at all relevant times hereto—has sufficiently alleged that Defendants breached a duty owed to her when they served her alcohol, Plaintiff has still failed to plead that Defendants' breach was the cause of her injuries. *See Orner*, 639 A.2d at 493 ("Notwithstanding the fact that the defendants were negligent *per se* and breached their duty to Orner when they furnished him with alcohol, this did not relieve Orner of his burden of establishing at trial that the defendants' breach was the legal cause of his injuries."); *see also Walters v. UPMC Presbyterian Shadyside*, 144 A.3d 104, 122 (Pa. Super. 2016), *aff'd in part, rev'd in part on other grounds*, 187 A.3d 214 (Pa. 2018) ("[N]egligence *per se* only supplies the first two elements of negligence: duty and breach . . . . There can be no recovery absent proof that negligence was the cause of the injury."). Thus, even if we accept all factual allegations as true and construe all reasonable inferences in the light most favorable to Plaintiff, we are constrained to conclude that Plaintiff has failed to plead any facts from which we can infer that Defendants were the legal or factual cause of her injuries. We therefore are constrained to conclude that Plaintiff has failed to state a plausible claim for relief.[4]

---

[4] As aforestated, Plaintiff is not entitled to discover her way into viable causes of action. Rather, she is fully empowered to <u>investigate</u> this incident more fully in order to arm herself with sufficient facts that will remove her claims from the realm of pure speculation. It is abundantly clear to us that she has either not undertaken this type of investigation or said investigation has failed to reveal that any of the named Defendants were the legal or actual cause of her injuries. Either such failure is fatal to her claims at this juncture.

Although we are sympathetic to Plaintiff's debilitating injuries, other than cursory legal conclusions, she has failed entirely to plead any facts which suggest that said injuries were the result of the negligent acts of the named Defendants. We are disinclined to allow Plaintiff to further the bootless errand at hand by proceeding to discovery simply because she believes that discovery "may reveal information concerning the plaintiff's incident and injuries." (Doc. 29 at 6–7). Accordingly, for the reasons discussed herein, we shall dismiss Counts I and II of Plaintiff's Complaint.[5]

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Complaint, (Doc. 1), shall be dismissed. An appropriate Order shall issue.

---

[5] Because we shall dismiss Plaintiff's Complaint for failure to state a claim as against all Defendants, we need not address Defendants' alternative bases to dismiss the Complaint as against them individually. Moreover, because we shall dismiss Plaintiff's Complaint in its entirety, we shall deny Defendants' Motions for a More Definite Statement, (Docs. 25, 34, 36, 58), as moot.